UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                        :
AARON HAWKINS,                                          :
                                                        :
                              Plaintiff,                :
                                                        :                    25-CV-9242 (VSB)
              -against-                                  :
                                                        :                         **ORDER**
RETSILA CAB CORP., *et al.*,                            :
                                                        :
                              Defendants.               :
                                                        :
----------------------------------------------------- X

VERNON S. BRODERICK, United States District Judge:

Plaintiff filed this action in New York Supreme Court, New York County, on August 18, 2025.  (Doc. 3 ("Notice of Removal"), Ex. A at 6–13.[1] ("Compl.").)  I am in receipt of Defendants Retsila Cab Corp. and Abusaleh M. Delowar's (collectively, "Defendants") Notice of Removal filed on November 6, 2025, asserting that I have diversity jurisdiction over this case pursuant to 28 U.S.C § 1332.  (Notice of Removal ¶¶ 6–11.)  Defendants assert that there is complete diversity of citizenship present between the parties because: (1) Plaintiff is a "citizen of the State of New York"; and (2) Defendants Retsila Cab Corp. and Abusaleh M. Delowar "are New York residents and have a principal place of business in New York, New York."  (*Id.* ¶¶ 7– 8.)  Moreover, the Notice of Removal states that Defendants "are not [] citizens of the State of New Jersey, nor do they have principal places of business in New Jersey."  (*Id.* ¶ 8.)  However, Plaintiff's original complaint notes that Plaintiff is "a resident of the State of New Jersey," while Defendants were and still reside in and "[maintain] a principal place of business" in New York. (Compl. ¶¶ 1–4, 6).

---

[1] The cited page numbers in this document refer to the ECF stamp page numbers, not the original page numbers in Plaintiff's filed document.

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing the basis for subject-matter jurisdiction. *See Gilman v. BHC Secs., Inc.*, 104 F.3d 1418, 1421 (2d Cir. 1997). A district court may remand a case to state court "*sua sponte* at any time upon finding that it lacks subject matter jurisdiction." *Beal Stream Venture, LLC v. Leading Builders Grp. LLC*, No. 23-CV-5641, 2023 WL 7648723, at *2 (S.D.N.Y. Nov. 15, 2023).

Defendants have not properly alleged diversity of citizenship in their Notice of Removal, since both Plaintiff and Defendants are presumably citizens of New York. (Notice of Removal ¶¶ 7–8.) However, since Plaintiff's original complaint is inconsistent with this information, I suspect that Defendants have simply made an error in their Notice of Removal and Plaintiff is not a citizen of New York. Moreover, Defendants' Notice of Removal does not properly allege Plaintiff's citizenship. Defendants simply state that Plaintiff "resides in the County of New York, and therefore is a citizen of the State of New York." (Notice of Removal ¶ 7). However, an individual's citizenship for purposes of diversity jurisdiction depends not on his residency, but rather on his domicile. *See Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 371 F. App'x 135, 137 (2d Cir. 2010). Domicile is the "place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks omitted). Domicile "is not necessarily synonymous with residence, and one can reside in one place but be domiciled in another." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (internal quotation marks and citation omitted). For that reason, "allegations

of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins.*, 126 F.3d 100, 103 (2d Cir. 1997); *see Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 567 (2d Cir. 2000) (noting that the plaintiffs "failed adequately to allege diversity in their original complaint" because "they had alleged only the residence, and not the citizenship (or domicile), of the parties").

Because the defects in the Notice of Removal are not fundamental, but instead involve only imperfect statements of citizenship, I grant Defendants leave to amend their Notice of Removal. *See Fulfree v. Manchester*, 182 F.3d 899 (2d Cir. 1999) (summary order) (affirming the district court's ruling granting the defendant leave to amend the notice of removal to add specificity as to the defendant's citizenship); *see also Linium, LLC v. Bernhoit*, No. 17-CV-200, 2017 WL 2599944, at *3 (N.D.N.Y. June 15, 2017) ("'When diversity is not absent from a notice of removal but is defectively alleged,' courts typically permit the removing party to amend its notice of removal." (quoting *Grow Grp., Inc. v. Jandernoa*, No. 94-CV-5679, 1995 WL 60025, at *2 (S.D.N.Y. Feb. 10, 1995))); *Durant*, 371 F. App'x at 137 ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile." (internal quotation marks omitted)); *Beter v. Baughman*, No. 24-CV-79, 2024 WL 1333570, at *4 (S.D.N.Y. Mar. 13, 2024), *report and recommendation adopted*, No. 24-CV-79, 2024 WL 1329066 (S.D.N.Y. Mar. 28, 2024) ("[I]ncluding allegations in the petition for removal of the parties' 'residency' as opposed to their 'citizenship' is merely a technical defect that could be cured, even with an untimely amendment.").

Accordingly, Defendants are hereby:

ORDERED to file an amended Notice of Removal within fourteen (14) days of the filing of this Order curing the defects described herein. If Defendants do not do so by this deadline, the Court will remand this case to the Supreme Court of the State of New York without further order.

SO ORDERED.

Dated:    December 1, 2025
          New York, New York

 

VERNON S. BRODERICK
United States District Judge